IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No. 17-cr-00085-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BENITO RUBIO-PULGARIN
    *also known as* Joe Galindo-Garcia
    *also known as* Antonio Olivas-Rueda
    *also known as* Benito Rubio
    *also known as* Manuel Rivera-Rivera
    *also known as* Benito Rubio-Galindo
    *also known as* Antonio Gonzalez
    *also known as* Antonio Garcia
    *also known as* Antonia Garcia
    *also known as* Gonzalez Antonio

        Defendant.

_____

ORDER
_____

On March 28, 2017, the grand jury indicted Benito Rubio-Pulgarin on one count of illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a). (ECF No. 1.) The indictment includes a notice of enhanced penalty under § 1326(b)(2), alleging Mr. Rubio-Pulgarin's removal was subsequent to an aggravated felony conviction. (*Id.* at 2.)

On April 25, 2017, Assistant Federal Public Defender ("AFPD") Shira Kieval, counsel for Mr. Rubio-Pulgarin, and Assistant United States Attorney Julia

Martinez, counsel for the government, appeared before me for a status and scheduling conference. Mr. Rubio-Pulgarin was not present. AFPD Kieval informed the Court that Mr. Rubio-Pulgarin was in the intensive care unit at the Denver Heath Medical Center being treated for cancer. While AFPD Kieval did not have all the details of Mr. Rubio-Pulgarin's condition, she did know that his prognosis was poor, that his blood pressure was very low, that he could not leave the intensive care unit, and that she presumed he was taking pain medication.

Given these facts, the government orally moved to exclude any trial delay caused by Mr. Rubio-Pulgarin's illness under 18 U.S.C. § 3161(h)(4). Section 3161(h)(4) provides that "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial" is "excluded in . . . computing the time within which the trial of any such offense must commence." AFPD Kieval did not object to the government's motion.

I agree that, at a minimum, Mr. Rubio-Pulgarin is presently "physically unable to stand trial" and, given his probable use of pain medications, he is likely also presently "mentally incompetent" to stand trial. *See* 18 U.S.C. § 3161(h)(4). I accordingly **GRANT** the government's motion to exclude time under 18 U.S.C. § 3161(h)(4).

I **ORDER** that any delay from today until further order from this Court is excluded in computing the time within which Mr. Rubio-Pulgarin's trial must commence.

I further **ORDER** AFPD Kieval to file written updates on Rubio-Pulgarin's condition every 20 days, with the first update to be provided on May 15, 2017.

Dated: April  25 , 2017 in Denver, Colorado.

                              BY THE COURT:

                               s/Lewis T. Babcock          
                              LEWIS T. BABCOCK, JUDGE